IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES BOLAND, HENRY KRAMER, GERARD SCARANO, TIMOTHY DRISCOLL, GERALD O'MALLEY, EUGENE GEORGE, ROBERT HOOVER, MATTHEW AQUILINE, GREGORY R. HESS, WILLIAM MCCONNELL, JOHN TRENDELL, and FRED KINATEDER, as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND<br>   620 F Street, N.W.<br>   Washington, DC 20004<br>   (202) 783-3788,<br><br>and<br><br>JIM ALLEN, MATTHEW AQUILINE, JAMES BOLAND, TED CHAMP, BRUCE DEXTER, TIMOTHY DRISCOLL, EUGENE GEORGE, GREGORY R. HESS, ROBERT HOOVER, FRED KINATEDER, MARK KING, HENRY KRAMER, KEN KUDELA, DAN KWIATKOWSKI, TIM MILLER, WILLIAM MCCONNELL, JIM O'CONNOR, CHARLES RASO, MARK ROSE, KEVIN RYAN, GERARD SCARANO, MICHAEL SCHMERBECK, JOSEPH SPERANZA, JEREMIAH SULLIVAN, JR., RICHARD TOLSON, and JOHN TRENDELL, as Trustees of, and on behalf of, the INTERNATIONAL MASONRY INSTITUTE<br>   The James Brice House<br>   42 East Street<br>   Annapolis, MD 21401<br>   (410) 280-1305,<br><br>            Plaintiffs,<br><br>            v.<br><br>ZHN CONTRACTING CORPORATION<br>Serve: Zakir H. Naseem, Chief Executive Officer<br>     30 Meadow Street<br>     Brooklyn, NY 11206,<br><br>            Defendant. | Civil Action No: |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

### CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF" or "Fund") and the fiduciaries of the International Masonry Institute ("IMI") to enforce the terms of the Plan and Trust Agreement adopted by the IPF and IMI, and the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). This action arises under the laws of the United States, specifically Sections 502(a)(3), 502(g)(2), and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(g)(2), 1145. Pursuant to Sections 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court as to the claims brought on behalf of the IPF and IMI.

2. The IPF is administered in the District of Columbia, and the IMI is partly administered and managed in the District of Columbia. Venue for the claims asserted in this lawsuit is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

### Parties

3. Plaintiffs, James Boland, Henry Kramer, Gerard Scarano, Timothy Driscoll, Gerald O'Malley, Eugene George, Robert Hoover, Matthew Aquiline, Gregory R. Hess,

William McConnell, John Trendell, and Fred Kinateder are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IPF Trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF.

4. Plaintiffs, Jim Allen, Matthew Aquiline, James Boland, Ted Champ, Bruce Dexter, Timothy Driscoll, Eugene George, Gregory R. Hess, Robert Hoover, Fred Kinateder, Mark King, Henry Kramer, Ken Kudela, Dan Kwiatkowski, William McConnell, Jim O'Connor, Charles Raso, Mark Rose, Kevin Ryan, Gerard Scarano, Michael Schmerbeck, Joseph Speranza, Jeremiah Sullivan, Jr., Richard Tolson, and John Trendell, are Trustees of, and sue on behalf of, the IMI. The IMI is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The IMI Trustees, in their respective capacities as fiduciaries, bring this action on behalf of, and for the benefit of, the beneficiaries of the IMI.

5. Defendant, ZHN Contracting Corporation ("ZHN Contracting Corp.") is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New York.

6. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftworkers and its affiliated local unions ("Union").

## Violation Charged

7. ZHN Contracting Corp., acting through its authorized agents, representatives, or officers, is bound by execution, consent, or conduct to collective bargaining agreements with the Union, including the agreements annexed hereto as Exhibits A and B, which are hereinafter referred to as the "Agreements."

8. Pursuant to the Agreements, Defendant agreed to make certain payments to the IPF and IMI for each hour of covered work it performed.

9. Having submitted some contributions, ZHN Contracting Corp. has demonstrated an awareness of the obligation to make those payments.

10. Defendant submitted required reports, but failed to submit related contributions to the IPF and IMI for covered work performed from June 2012 through December 2012. Based on reports submitted by Defendant, the IPF has prepared a Recap of contributions due to the IPF and IMI for covered work performed during this time period.

11. Defendant owes the IPF and IMI a total of $9,869.53 in delinquent contributions for work performed from June 2012 through December 2012 as determined by the IPF Recap.

12. Under the terms of the Plan and Trust Agreements adopted by the IPF and IMI, the Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers ("Collection Procedures"), and ERISA, interest in the amount of $1,614.70 (calculated at the rate of 15 percent per annum from the Due Date through October 30, 2013) and liquidated damages in the amount of $1,973.93 (calculated at the rate of 20 percent of the

delinquent contributions) have been assessed on the delinquent contributions due to the IPF and IMI as determined by the IPF Recap.

13. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreements.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For a total amount due of $13,858.16, which is constituted as follows:

   a. For delinquent contributions due to the IPF and IMI in the amount of $9,869.53 as determined by the IPF Recap, plus any and all additional amounts that accrue and/or are found to be due and owing through the date of judgment (ERISA Section 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A); Collection Procedures);

   b. For interest in the amount of $1,614.70 (calculated at the rate of 15 percent per annum from the Due Date through October 30, 2013) assessed on the delinquent contributions due to the IPF and IMI (ERISA Section 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B); Collection Procedures);

   c. For liquidated damages in the amount of $1,973.93 (calculated at the rate of 20 percent of the delinquent contributions) assessed on the delinquent contributions due to the IPF and IMI (ERISA Section 502(g)(2)(C); Collection Procedures); and

   d. For the costs of filing this action in the amount of $400.00 (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

   2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)).

   3. That Defendant be directed to comply with its obligations to timely submit to the IPF and IMI all reports and contributions due and owing, and to pay the costs and disbursements of this action.

   4. Such other relief as this Court deems appropriate, including judgment for any contributions and interest thereon that may accrue and/or are found to be due and owing subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: November 1, 2013

By: /s/ Charles V. Mehler III
Charles V. Mehler III, DC Bar No. 475909
Ira R. Mitzner, DC Bar No. 184564
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, DC 20006
(202) 420-2200
*Attorneys for Plaintiffs*